IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In Re:<br><br>**APRIL M. ALEXANDER-GILES**<br><br>    Debtor. | Case No.: 21-16774-NVA<br><br>Chapter 7 |
| **JOHN P. FITZGERALD, III,**<br>**Acting United States Trustee for**<br>**Region Four,**<br><br>    Plaintiff,<br><br>v.<br><br>**APRIL M. ALEXANDER-GILES,**<br><br>    Defendant. | Adv. Pro.: 22-_____ |

## COMPLAINT TO DENY DISCHARGE

John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "United States Trustee"), pursuant to Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure, and § 727 of the United States Bankruptcy Code, files this Complaint to Deny Discharge of Debtor, April Michelle Alexander-Giles, and as grounds therefor states as follows:

## JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and Rule 402 of the Local Rules for the United States District Court for the District of Maryland.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4. The United States Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

5. The United States Trustee consents to entry of a final order or judgment by the Bankruptcy Judge.

## PARTIES

6. Plaintiff is the Acting United States Trustee for Region Four, the Region that includes the District of Maryland.

7. April Michelle Alexander-Giles is the debtor in the above-captioned Chapter 7 bankruptcy proceeding. The deadline to object to Ms. Alexander-Giles' discharge is August 1, 2022. (*See* Doc. 67.)

## FACTS COMMON TO ALL COUNTS

8. Ms. Alexander-Giles commenced this case on October 27, 2021 (the "Petition Date"). (*See* Doc. 1.)

9. In connection with this case, Ms. Alexander-Giles signed and caused to be filed, under oath and subject to the penalties of perjury, the following documents:

    a. Petition (*see* Doc. 1);

    b. Schedules A-J (the "Original Schedules") (*see* Doc. 1.)

    c. Amended Schedules A-J, (the "Amended Schedules") (*see* Doc. 22);

    d. Statement of Financial Affairs for Individuals Filing for Bankruptcy (the "Original SOFA") (*see* Doc. 1); and

    e. Amended Statement of Financial Affairs (the "Amended SOFA") (*see* Doc. 22.)

10. In addition, Ms. Alexander-Giles testified, under oath, at meetings of creditors on December 6, 2021, and February 4, 2022.

## Undisclosed Estate Assets

11. Ms. Alexander-Giles stated under penalty of perjury on both her Original Schedules and Amended Schedules that no tax refunds were owed to her.

12. Ms. Alexander-Giles testified under oath at her continued § 341 Meeting of Creditors on February 4, 2022, that her 2018 and 2020 tax returns had already been filed.

13. On information and belief, and subject to further discovery, Ms. Alexander-Giles had not filed her 2018 nor 2020 tax returns as of at least December 15, 2021.

14. On information and belief, and subject to further discovery, Ms. Alexander-Giles is due a substantial tax refund for both 2018 and 2020 tax years.

**Undisclosed Creditor**

15. Ms. Alexander-Giles is the owner of a parcel of real property located at 11358 Barley Field Way in Marriottsville, Maryland ("Barley Field").

16. On August 19, 2019, just over two years prior to her commencement of this Case, Ms. Alexander-Giles granted NinjaBe Holdings, LLC, a security interest in Barley Field to secure an alleged loan of $250,000. This security interest is evidenced by a mortgage recorded in the land records of Howard County, Maryland.

17. As of today, the NinjaBe Holdings, LLC, mortgage has not been released.

18. On good faith information and belief, and subject to further discovery, neither Ms. Alexander-Giles nor anyone else fully repaid the alleged loan from NinjaBe Holdings, LLC, and substantial portions (if not all) of that loan remain owed today.

19. Ms. Alexander-Giles did not identify NinjaBe Holdings, LLC, as a creditor on the Original Schedules or the Amended Schedules.

**False Statements in § 341 Meeting of Creditors Testimony**

20. In Ms. Alexander-Giles' § 341 Meeting of Creditors on February 4, 2022, Ms. Alexander-Giles testified, under oath, that she had no connection with the business entity known as "NinjaBe Holdings, LLC." [1]

---

[1] NinjaBe Holdings, LLC, is an LLC formed in Wyoming on December 4, 2016, and registered to do business as a foreign entity in Maryland on May 2, 2018. The LLC's Wyoming charter was administratively dissolved by the state of Wyoming on June 9, 2019, and the Maryland registration was forfeited on December 12, 2019.

21. When questioned about a transfer made from NinjaBe Holdings, LLC, to Algits, Inc., in July of 2019, Ms. Alexander-Giles admitted that the transfer had occurred, and that NinjaBe Holdings, LLC, had a business bank account as of that date.

22. Ms. Alexander-Giles further testified, within the same meeting of creditors but contrary to her prior testimony, that she holds or held a 100% interest in NinjaBe Holdings, LLC.

### Possible Undisclosed Business Interests

23. Ms. Alexander-Giles was, at least through December of 2019, the full or partial owner of an entity known as Algits, Inc., which operates under the tradename "NinjaBe." (*See* Doc. 22, p. 5)

24. There are several "NinjaBe" entities to which Ms. Alexander-Giles has substantial connections, including, but not limited to, NinjaBe Holdings, LLC, NinjaBe Commercial Ventures, LLC, and NinjaBe Construction Partners, LLC.

25. For example:

   a. the resident agent for each of these NinjaBe entities is also the bankruptcy attorney[2] for Algits, Inc., as well as for Ms. Alexander-Giles' spouse in her separate individual Chapter 7 case[3];

   b. Ms. Alexander-Giles granted NinjaBe Holdings, LLC, a security interest in Barley Field;

---

[2] The debtor's counsel in both cases is Mr. Robert L. Kline, III, of Kline Law Group, LLC.
[3] Ms. Alexander-Giles' spouse, Ms. Dawn Criket Alexander, has an ongoing bankruptcy case under Chapter 7 of the Bankruptcy Code. *See* case no. 21-13896 (Bankr. D. Md.)

    c. The same attorney serving as resident agent for each of these NinjaBe entities witnessed and submitted the security interest granted to NinjaBe Holdings, LLC.

    d. Ms. Alexander-Giles has signatory authority on the NinjaBe Holdings, LLC, bank account;

    e. Ms. Alexander-Giles' spouse has testified that she, at least, has an ownership interest in Algits, Inc.; and

    f. The NinjaBe Commercial Ventures, LLC, and NinjaBe Construction Partners, LLC, were both registered using the same business address which Ms. Alexander-Giles, on behalf of Algits, Inc., used to register the "NinjaBe" trade name.

26. At this time, the United States Trustee does not know the full extent of Ms. Alexander-Giles' connection to these NinjaBe entities. However, to the extent Ms. Alexander-Giles had ownership interests in any of the NinjaBe entities, she failed to disclose those interests in her Original Schedules and her Amended Schedules and in the Original SOFA and the Amended SOFA.

## Undisclosed Income

**Brady Court Rental Income**

27. Ms. Alexander-Giles and her spouse are the owners of a parcel of real property located at 5108 Brady Court in Ellicott City, Maryland ("Brady Court").

28. Between November 2019 and September 2021, monthly checks of $3,600 were deposited into the NinjaBe Holdings, LLC, account.

29. These checks are from Ike and Stella Okoye and purport to be for "rent."

30. On good faith information and belief, and subject to further discovery, the Okoyes were tenants at Brady Court from November 2019 through at least September 2021.

31. Ms. Alexander-Giles failed to disclose any rental income from the Okoyes' rental of Brady Court on her Schedule I, her Amended Schedule I, her Original SOFA, or her Amended SOFA.

**Underreported Federal Wages**

32. Ms. Alexander-Giles reported the following yearly income amounts on both her Original SOFA and her Amended SOFA under the category of "wages, commissions, bonuses, tips":

    a. For the 2020 calendar year: $160,000.00

    b. For the 2019 calendar year: $137,819.00

33. On information and belief, subject to further discovery, Ms. Alexander-Giles was a federal employee paid at the GS-15, step 7, paygrade for both calendar years 2019 and 2020.

34. On information and belief, subject to further discovery, Ms. Alexander-Giles was paid a salary of $170,800 in 2020, and $165,417 in 2019, based upon her location of employment in the Baltimore Washington area.

35. On information and belief, subject to further discovery, Ms. Alexander-Giles underreported her salary by $10,800 in 2020, and by $27,598 in 2019.

**Unexplained Loss of Assets**

36. On information and belief, and subject to further discovery, TSC/JMJ Snowden River South[4] issued a check to Algits, Inc. in July of 2018, in the amount of $498,762.39.

37. On information and belief, and subject to further discovery, this check was used to open a bank account at Revere Bank[5] in the name NinjaBe Holdings, LLC.

38. On information and belief, and subject to further discovery, the check was endorsed by Ms. Alexander-Giles and deposited at the Main Street branch in Laurel, Maryland, on July 5, 2018.

39. On information and belief, and subject to further discovery, on November 5, 2018, Ms. Alexander-Giles caused Revere Bank to issue a cashier's check in the amount of $450,000 from the NinjaBe Holdings, LLC, account.

40. On information and belief, and subject to further discovery, such cashier's check was payable to "April Alexander-Giles."

41. When questioned by the Chapter 7 Trustee as to the disposition of the $450,000 check, Ms. Alexander-Giles did not respond.

**COUNT I – DENIAL OF DISCHARGE (11 U.S.C. § 727(a)(2))**

42. The United States Trustee incorporates by reference into this Count, all of the preceding paragraphs of this Complaint.

---

[4] A predecessor in interest to the current creditor Snowden Investors, LLC, who is also a creditor in the related ongoing bankruptcy cases of Algits, Inc. (21-13888), and Ms. Alexander-Giles' spouse, Ms. Dawn Alexander (21-13896).
[5] Revere Bank was acquired by Sandy Spring Bancorp, Inc., on April 1, 2020.

43. Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, … or concealed (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

44. Ms. Alexander-Giles concealed and failed to disclose estate property including anticipated tax returns, her ownership interest in NinjaBe Holdings, LLC, any interests she has in any of the other NinjaBe entities, and the post-petition rental income from Brady Court.

45. Ms. Alexander-Giles concealed and failed to disclose this estate property with the intent to hinder, delay or defraud creditors and officers of the estate.

46. Ms. Alexander-Giles transferred rental income she received from the Okoyes' rental of Brady Court to NinjaBe Holdings, LLC, both within the year prior to commencing this case and after commencing this case.

47. Ms. Alexander-Giles transferred this rental income property with the intent to hinder, delay or defraud creditors and officers of the estate.

### COUNT II – DENIAL OF DISCHARGE (11 U.S.C. § 727(a)(4))

48. The United States Trustee incorporates by reference into this Count, all of the preceding paragraphs of this Complaint.

49. Section 727(a)(4) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she "knowingly and fraudulently, in connection with the case ... made a false oath or account."

50. Ms. Alexander-Giles made false oaths in her Original Schedules, Amended Schedules, Original SOFA, Amended SOFA and at her meetings of creditors by, *inter alia*, failing to disclose her ownership of business entities, creditors, and income, as described in this Complaint.

51. These false oaths were made knowingly and fraudulently.

### **COUNT III – DENIAL OF DISCHARGE (11 U.S.C. § 727(a)(5))**

52. The United States Trustee incorporates by reference into this Count, all of the preceding paragraphs of this Complaint.

53. Section 727(a)(5) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "failed to explain satisfactorily, before determination of denial of discharge under this paragraph, and loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).

54. Ms. Alexander-Giles withdrew $450,000 from the business account of NinjaBe Holdings, LLC.

55. Ms. Alexander-Giles has not adequately explained where that money was deposited, nor how it was lost prior to the Petition Date.

## PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests that the Court enter judgment in his favor, and against the Debtor, April Michelle Alexander-Giles, and that the Court deny the discharge of Debtor, April Michelle Alexander-Giles.

Respectfully submitted,

Dated: August 1, 2022

John P. Fitzgerald, III
Acting United States Trustee, Region 4

By: /s/ *J. Dan Ford*
J. Dan Ford (Fed. Bar No. 21290)
United States Department of Justice
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
(410) 962-4300
j.dan.ford@usdoj.gov